This is a suit brought by complainant and her infant daughter for the establishment of a partnership with the defendant and for an accounting against him.
The suit against Joseph Laterra, defendant, has been discontinued and no claim is made against him.
All of the parties are illiterate and have a very limited command of English. As a result, the testimony is very confused with numerous contradictions. However, a fairly clear picture of the relevant facts emerges. These facts, as I find them to be, are as follows:
Complainant Marguerite Laterra is the widow of Angelo, who died in 1932. Sometime prior to 1930 Angelo Laterra and his two brothers, John and Joseph, were working in a mill and together they purchased the land in question where all three lived with their respective families under the same roof.
The three wives raised chickens and tilled the soil to a certain extent, all for the maintenance of the families. A little later the wives branched out and commenced raising chickens and eggs for the market. Then, as the business developed, the three husbands quit their jobs and devoted themselves to the poultry business.
This was the status in 1930 when some squabbling arose among the families and instead of all three of the husbands running the business together, for a time and until the death of Angelo, each of the three maintained and operated a separate set of chicken coops. At that same time Joseph quit the business and moved elsewhere, selling his interest in his chickens and coops to John Laterra.
Marguerite and her infant child continued to live on the premises, an interest in which she had inherited from her husband, and from then on she assisted her brother-in-law, the defendant John Laterra, in the conduct of the poultry business. At first she devoted all her time to it, but after a while she felt the need of more money and took employment in a shirt factory, but continued to help in running the poultry farm in all her spare time.
According to her statement, in 1936 defendant ceased to *Page 244 
pay her anything from the proceeds of the business and denied that she had any interest in it.
She stayed on the premises until 1938 when she remarried and went to live with her present husband.
Her testimony is that following the death of her husband, and on the leaving of Joseph, she and John entered into a partnership to carry on the poultry business, she turning in her stock of chickens, formerly belonging to her husband, and agreeing to contribute her services while John contributed his chickens and those acquired from Joseph. Her statement is that it was agreed she should have a one-third interest in the business.
John denies this, stating that he never made any partnership with her but that she received her board for herself and her child in return for such services as she might be able to render in help running his business.
There is a sharp conflict of testimony on this point and it is doubtful if complainant would have sustained the necessary preponderance of evidence had it not been for the fact that complainant kept a crude set of accounts in which, after each week-end, she entered receipts and disbursements as reported to her by John. Her testimony is that a balance was struck and a few dollars of profits, out of which had come living expenses, were paid on the basis of one-third to her. It is conceded that John managed the business and conducted all its larger affairs with outsiders, such as the purchase of supplies, c. Had the facts been as explained by John, namely, that Marguerite contributed a certain amount of services in return for board and had no interest in the business, there would have been no occasion for such bookkeeping as Marguerite did.
I accordingly find that there was a partnership and that she is entitled to an accounting.
I do not consider that the child was a necessary or even a proper party in this suit. She was made a party apparently on the theory that before his death her father was in the poultry business, and upon his death the child inherited an interest in the real estate which continued to be used in that business and that the basis of the arrangement after Angelo's *Page 245 
death was the contribution of his stock of chickens in which the child had some sort of right. Of course, the correct procedure would have been for administration to have been had on the husband's estate and his chickens sold and the child's interest in the proceeds held by her guardian. Instead, an irregular short-cut was taken by the mother, but this did not make the child a partner.
A decree will be advised in accordance with this opinion.